IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

HENRRY MORA FONTAINE,

      Petitioner,

v.                                                                              No. 2:26-cv-01323-DHU-SCY

MARKWAYNE MULLIN, Secretary of Homeland Security;
TODD LYONS, Acting Director, U.S. Immigration and
Customs Enforcement; DAREN K. MARGOLINA, Director
of Executive Office for Immigration Review; and MARY DE
ANDA-YBARRA, Director, El Paso Field Office,

      Respondents.

## ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS

THIS MATTER is before the Court on Petitioner Henrry Mora Fontaine's Petition for Writ of Habeas Corpus ("Petition"). Doc. 1. Having considered the parties' briefs, the record, and the relevant law, the Court **GRANTS** the Petition.

Petitioner is a native and citizen of Cuba who entered the United States without inspection in August 2022. *Id.* ¶ 16. Shortly after his entry, Petitioner was encountered by immigration officials, briefly taken into custody, and released on his own recognizance. *Id.* ¶¶ 2-3, 16. While in custody, the U.S. Department of Homeland Security issued Petitioner a Notice to Appear, initiating removal proceedings against him. *Id.* ¶ 2. The Notice to Appear charges him as "an alien present in the United States who has not been admitted or paroled." Doc. 1-4 at 1. On May 9, 2024, an Immigration Judge ("IJ") denied Petitioner's application for relief and entered an Order of Removal. Doc. 1 ¶ 17. Petitioner timely appealed the denial and Order of Removal, which remain pending with the Board of Immigration Appeals ("BIA"). *Id.*

Following the IJ's decision, Petitioner remained released. He resided in Odessa, Texas and continued to comply with all conditions of release. *Id.* ¶¶ 16, 18. On April 23, 2026, Petitioner was

1

arrested by Immigration and Customs Enforcement ("ICE") at a check-in appointment in El Paso, Texas. *Id.* ¶ 18. He was eventually transferred to the Otero County Processing Center in Chaparral, New Mexico, where he remains detained. *Id.*

Petitioner subsequently filed the instant Petition, where he argues that his re-detention without the requisite procedures violates the Due Process Clause of the Fifth Amendment. *Id.* ¶¶ 27-28, 30. He also argues that his continued detention without a bond hearing violates the plain language of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1226(a), and the Due Process Clause. *Id.* ¶¶ 28-29. He requests a Writ of Habeas Corpus ordering Respondents to immediately release him from custody, or, alternatively, ordering Respondents to provide him with a bond hearing before a neutral IJ. *Id.* ¶¶ 33-34. Petitioner also requests that the Court award him attorney fees and costs pursuant to the Equal Access to Justice Act ("EAJA"). *Id.* at 10.

Respondents argue that Petitioner is an "applicant for admission" and subject to mandatory detention under 8 U.S.C. § 1225. Doc. 8 at 1-2. However, they acknowledge that the Court has reached the opposite conclusion in cases that are materially indistinguishable from this one. *Id.* Respondents do not address the implications of Petitioner's prior release on recognizance. *See generally* Doc. 8.

This Court has addressed procedural due process rights in the immigration re-detention context on multiple occasions. *See Sahil v. De Anda-Ybarra*, No. 2:26-cv-00434-DHU-JFR, 2026 WL 560216 (D.N.M. Feb. 27, 2026); *Ompal v. Warden*, No. 1:26-cv-00810-DHU-JHR, Doc. 12 (D.N.M. May 28, 2026); *Ducosquier Suarez v. Castro*, No. 2:26-cv-1541-DHU-JHR, Doc. 12 (D.N.M. May 27, 2026); *Moreno Moreno v. Bondi*, No. 2:26-cv-00787-DHU-DLM, Doc. 11 (D.N.M. May 12, 2026); *Lopez Gonzalez v. Lyons*, No. 2:26-cv-00383-DHU-JHR, Doc. 11 (D.N.M. Apr. 28, 2026); *Exposito v. Lyons*, No. 2:26-cv-00020-DHU-JHR, Doc. 11 (D.N.M. Apr.

23, 2026); *Abshir v. Noem*, No. 2:26-cv-00301-DHU-JFR, Doc. 14 (D.N.M. Apr. 13, 2026); *Akum v. Dedos*, No. 1:26-cv-00401-DHU-KRS, Doc. 11 (D.N.M. Apr. 13, 2026). On all of these occasions, the Court has found that noncitizens who enter without inspection, are detained by immigration officials within the United States, and are subsequently released on an Order of Release on Recognizance for years, develop a protected liberty interest in their release. The Court has further found that such noncitizens are entitled to notice and a pre-deprivation hearing prior to being re-detained, and that the Government's failure to provide them with such notice and pre-deprivation hearing constitutes a violation of procedural due process rights that can only be adequately remedied by ordering immediate release. Petitioner, who entered without inspection in 2022, was detained within the United States, and was subsequently released on his own recognizance for nearly four (4) years, developed a protected liberty interest in his release. He was entitled to notice and a pre-deprivation hearing prior to being re-detained, and Respondents' failure to provide him with a pre-deprivation hearing violated his procedural due process rights. The Court will, therefore, order his immediate release. *See Munaf v. Geren*, 553 U.S. 674, 693, 128 S. Ct. 2207 (2008) ("Habeas is at its core a remedy for unlawful executive detention ... [and] [t]he typical remedy [for such detention] is, of course, release." (citations omitted)).

Given the Court's finding that due process requires Petitioner's release, the Court need not make a determination regarding whether Petitioner's detention is governed by § 1225 or § 1226. However, it is worth noting that in *Santillan Quiroz v. Mullin*, the Tenth Circuit Court of Appeals held that "noncitizens who enter[] the United States and [a]re thereafter detained in the interior of the country" are subject to 8 U.S.C. § 1226(a) and, therefore, entitled to an individualized bond hearing. ___F.4th___, 2026 WL 1876709, at *5 (10th Cir. June 30, 2026). The Court finds that *Santillan Quiroz* controls here, where Petitioner entered the United States without inspection in

2022, was detained by immigration officials in the country and subsequently released on his own recognizance, and re-detained nearly four (4) years later while still residing in the country. Petitioner's detention is therefore governed by § 1226(a).

Accordingly, Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**.

**IT IS THEREFORE ORDERED** that Respondents release Petitioner within **twenty-four (24) hours** of this Order and subject him to the same terms as his original Order of Release on Recognizance. Unless and until Petitioner's Order of Removal becomes final, Respondents are **RESTRAINED** from re-detaining Petitioner unless they provide him with notice and demonstrate, by clear and convincing evidence at a pre-deprivation hearing, that he is a danger to the community or a flight risk.

**IT IS FURTHER ORDERED** that the parties submit a joint status report to the Court no later than Wednesday, July 22, 2026, confirming Petitioner's timely release.

**IT IS FURTHER ORDERED** that Petitioner may submit an application for fees and costs pursuant to the EAJA within thirty (30) days of this Order. Respondents may respond to Petitioner's application no later than fourteen (14) days after the application is filed with the Court.

**IT IS SO ORDERED.**

HONORABLE DAVID HERRERA URIAS
UNITED STATES DISTRICT JUDGE

4